Teresa Tarasek, Appellee, v. The Kosciuszko Building & Loan Association No. 3 of Chicago, Appellant.

Gen. No. 25,203.

· 1.  Witnesses, § 212*—*when latitude in cross-examination may be allowed.*  In an action of assumpsit, where the truth of the case as made by plaintiff is open to grave doubt, considerable latitude should be allowed in cross-examination.

2.  Witnesses, § 224*—*what cross-examination is proper.*  In an action against a building and loan association to recover money deposited by plaintiff in payment of stock therein, where plaintiff testifies that defendant gave her a check in payment thereof and that she presented it to the bank on which it was drawn and was told by the cashier that the bank had no money and she so reported to the officers of the association at a meeting of the association and was told not to worry, the check was good and she could get her money at any time, while defendant's witnesses testify that the check was given plaintiff on the date stated and nothing further was heard from her until the day after the bank on which it was drawn failed, defendant, in cross-examining plaintiff's witness who testified to having gone to the bank with plaintiff to assist her to get the money and deposit it in another bank and to having attended the association meeting with her, should be permitted to ask in what other bank the deposit was to have been made and to name the officers of the association who were present at the meeting.

3.  Banks and banking, § 133*—*what evidence is proper as to payment of check.*  In an action against a building and loan association to recover money paid into it by plaintiff for stock therein, where plaintiff testified that she had received a check for the amount from defendant and had presented it to the cashier of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

drawee bank and had been told by him that the bank had no money and the check was not paid, which fact she reported to the association's officers who told her the check was good and she could get her money at any time, whereas defendant's witnesses testified that nothing was heard of plaintiff by defendant from the day on which she was given the check until the day after the bank suspended, over 3 months later, defendant should be permitted to introduce in evidence its checks drawn on such bank between the date of plaintiff's check and the date of the bank's suspension, for the purpose of showing that its checks on such bank were paid by the bank.

4. APPEAL AND ERROR, § 1803*—*when case will be remanded for new trial.* On reversing a judgment for error in unduly limiting the cross-examination of witnesses and in excluding evidence, which matters can be gone into on a new trial, there will not be a finding of fact but the cause will be remanded for a new trial.

THOMSON, J., dissenting.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and remanded. Opinion filed July 7, 1920. Rehearing denied July 19, 1920.

LIGHTHALL, DANKOWSKI & CARLSON, for appellant.

ROSE & SYMMES, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against defendant building and loan association to recover $528. There was a verdict and judgment in her favor for the amount of her claim with interest, aggregating $596.86, to reverse which defendant prosecutes this appeal.

The record discloses that for a number of years plaintiff was a member of the defendant building and loan association having paid money to the association for stock at the rate of $3 per week. Afterward she decided to withdraw the money and on June 12, 1916, defendant gave her its check drawn on the Industrial Savings Bank of Chicago for the amount due her,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$528. More than 3 months afterwards, viz., September 21, 1916, the bank being insolvent suspended business. Plaintiff not having received the money on the check demanded payment of it from defendant, and upon its refusal brought this suit.

Plaintiff, who was unable to speak English, testified through an interpreter that the day after she received the check she went to the home of a Mr. Finder to do some washing and cleaning as had been her custom for some time; that she showed Finder the check and asked him to go with her to the bank so that she could obtain her money; that Finder went with her to the bank on June 13; that she presented the check for payment and that the cashier stated the bank had no money and the check was not paid; that she then went to the home of the secretary of the association and told him what had occurred at the bank; that the secretary told her she should attend the next meeting of the association, which meetings were held every Monday evening; that she together with Finder attended the meeting on the following Monday and there laid the matter before the officers of the association; that they told her the check was good, for her not to worry about it and that she could get her money at any time she wanted to do so. Stanley Wenz testified on behalf of plaintiff that he appeared with her before the officers of the association and they told plaintiff that the check was good and that she could get her money at any time she wanted it. Witnesses for the defendant testified that they gave her the check on June 12 and that they never heard from her after that until September 22, the day after the bank failed; that she then called on the officers of defendant and demanded payment and that they told her since she had not presented the check to the bank for payment they could not pay her. The evidence further shows without contradiction that at the time the check was drawn defendant association had in

490    APPELLATE COURTS OF ILLINOIS.

Tarasek v. The Kosciuszko Bldg. & L. Assn. No. 3, 218 Ill. App. 487.

the bank subject to check $7,039.43, and that at all times from that time until the bank failed they had on deposit with the bank subject to check more than twice the amount of plaintiff's check.

Defendant contends that the court unduly limited the cross-examination of plaintiff's witnesses and that the court also erred in refusing to permit defendant to prove by canceled checks drawn on the Industrial Savings Bank subsequent to June 12 and prior to the failure of the bank that all the checks were paid by the bank. We think there is merit in both of these contentions. Where, as in this case, the truth of the case as made by plaintiff was open to grave doubt, considerable latitude should have been allowed in the cross-examination of witnesses. The witness Finder testified that he went with plaintiff to the bank not to identify her, although she was unknown there, but for the purpose of assisting her in getting the money and depositing it in another bank. When asked what other bank, the court sustained an objection, which we think should not have been done. The witness was also asked to name the persons who were at the meeting of the building and loan association which he testified he attended with plaintiff, but objection was interposed and sustained. Other questions were asked him which the court on objection refused to permit him to answer. Rulings of the same import were made while the plaintiff was testifying. We think it would serve no useful purpose to specify the several rulings of the court in this particular. Suffice it to say that we are of the opinion that the court should have permitted the introduction of the canceled checks offered by defendant.

Defendant also complains of two instructions given on behalf of plaintiff which defined the law with reference to the presentation of checks for payment within 24 hours, etc., and notification to defendant of nonpayment. These instructions certainly did de-

fendant no harm because in the instant case it was not necessary that plaintiff present the check within 24 hours after she received it for the reason that the bank did not fail for more than 3 months after she received the check, and if she had presented it for payment and notified defendant that the bank refused to pay it within sufficient time before the failure to enable defendant to protect itself, that was all that was required.

In the instant case, while the plaintiff's version of the matter is open to grave doubt and seems very improbable, yet we are constrained to hold that the judgment should not be reversed with a finding of fact. Since the court unduly limited the cross-examination of plaintiff's witnesses and the introduction of evidence on behalf of defendant, these matters can be gone into on a new trial and, therefore, the judgment of the county court of Cook county will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

TAYLOR, P. J., concurs.
THOMSON, J., dissenting.
MR. JUSTICE THOMSON dissenting:
I am unable to concur in the foregoing decision. There is evidence in the record to the effect that the defendant association had an account with the Industrial Savings Bank of Chicago from the time it drew its check in favor of the plaintiff and delivered it to her in June until the bank failed in September; that during that time it continuously had a balance in the bank to its credit to the extent of several thousand dollars; that it drew checks on its account and that all such checks were paid by the bank. Some evidence along this line was objected to and the objections were erroneously sustained. But, evidence is in the record and stands uncontradicted and, in my opinion therefore, the judgment appealed from should be reversed with a finding of fact to the effect that

the plaintiff failed to present the check to the bank within a reasonable time after she received it and retained it in her possession from the time the defendant delivered it to her in June until after the bank failed, during all of which time the defendant had a balance in the bank to its credit sufficient to meet the check.